## THE JAMAICA.

District Court, W. D. New York.
Dec. 6, 1926.

See also (D. C.) 51 F.(2d) 858.

Dorr E. Warner, of Cleveland, Ohio, for libelants.

Stanley & Gidley, of Buffalo, N. Y., for respondent.

HAZEL, District Judge.

In this libel in rem it is alleged that the steamship Jamaica was at fault, resulting in damage to the steamer George King for loss of use. The specific act of negligence is that the Jamaica, while at her dock, was allowed to fill with water and sink, blocking the exit from the slip where the George King lay, thus preventing her from departing and engaging in her regular transportation; and that the Jamaica left her sea cock open causing water to flow into her hull; and, further, that thereafter there was unreasonable delay in raising her.

The exceptions are that the facts alleged are insufficient to constitute an action in rem and no maritime lien eventuated.

The exceptions are not well taken, since the libel is in tort. The Jamaica could not be permitted to wrongfully obstruct the channel and unreasonably delay vessels in using the channel. On the point of whether a maritime lien is created by the misconduct of the vessel arising from negligence or willful disregard of duty, see The John G. Stevens, 170 U. S. 113, 18 S. Ct. 544, 42 L. Ed. 969, which in principle appears to have a bearing. Respondent, in opposition, attaches importance to The Mary (D. C.) 123 F. 609, a suit to secure damages for the destruction of a raft of logs which had grounded and obstructed navigation. The learned court ruled that the raft, which had lodged against a bridge across the river and obstructed passage, had the same rights in navigable streams as other vessels; it appearing that the grounding was purely accidental, and that other vessels were required to submit to reasonable delay until the owner has had time to remove the obstruction, before another vessel could be permitted to destroy the raft as a nuisance. The case was decided at final hearing. The obstructed steamer ran over the raft, breaking it up and scattering the logs, some of which were lost. She was held liable because of her failure to use ordinary care in preventing unnecessary injury, which she might have done, the court said, either by towing the raft out of the way or cutting it to prevent damaging the logs. The point here is also made that no maritime lien could arise by reason of the fact that the vessel having sunk was not in condition for navigation, but this may be reserved to the hearing. Whether these assertions constituted negligence, see also New York, N. H.

& H. R. Co. v. Piscataqua Nav. Co. (C. C. A.) 108 F. 92.

The exceptions are overruled and the Jamaica is required to make answer.